# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2017, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEY FOR APPELLEE
DANIEL DUMOULIN, SR.

Cassandra A. Kruse
Emswiller, Williams, Noland &
Clarke, P.C.
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel Dumoulin II, <br> *Appellant-Intervenor,* <br><br> v. <br><br> Daniel Dumoulin, Sr., <br> *Appellee-Petitioner,* <br> and <br> Joan Dumoulin, <br> *Appellee-Respondent* | November 2, 2017 <br><br> Court of Appeals Case No. <br> 52A02-1704-DR-725 <br><br> Appeal from the Miami Superior Court <br><br> The Honorable A. Christopher Lee, Special Judge <br><br> Trial Court Cause No. <br> 52D02-0901-DR-11 |

**Baker, Judge.**

[1] Daniel Dumoulin II (Son) appeals the trial court's order denying his motion to dismiss the proceedings supplemental action filed by Daniel Dumoulin, Sr. (Husband), to collect on a debt owed by Son. In 2005, Son purchased a bar owned by Husband and Joan Dumoulin (Wife), for a purchase price of $2.1 million. The balance still owed on that debt is approximately $1.1 million. As part of the divorce proceeding between Husband and Wife (in which Son is an intervening party), the trial court entered an order finding that Son must make respective payments of approximately $550,000 to each of his parents. Son appealed that order and, in 2016, this Court affirmed.

[2] After we affirmed that order, Husband filed a proceedings supplemental to collect on Son's debt. Son appeals, arguing that it was a limited liability company (LLC), rather than Son individually, that purchased the bar, and that the correct way to collect on this debt is to bring a mortgage foreclosure action rather than a proceedings supplemental. Finding that Son is barred from raising these arguments because he did not do so when he appealed from the money judgment order, we affirm.

## Facts

[3] Husband and Wife married in 1971 and had four children, including Son. At some point, Husband and Wife were members of Hoosier LLC, which owned a sports bar in Kokomo called Ultimate Place 2B (the bar). In 2005, Husband and Wife agreed to sell the bar to Son. The parties made an oral agreement, and the bar was either transferred to Son individually or to Ultimate Place

LLC, of which he was a member. Son or Ultimate Place LLC agreed to pay $2.1 million for the bar, some of which would be covered by payment of his preexisting debts to his parents. *Dumoulin v. Dumoulin*, No. 52A05-1505-DR-500, at \*3 (Ind. Ct. App. June 10, 2016) ("*Dumoulin III*").

[4] After Son took over the operations of the bar, he converted it into an adult entertainment business. Its liquor license then came up for renewal. After the Alcohol and Tobacco Commission denied his petition to renew the license, Son sought judicial review; the trial court reversed the denial of his petition. This Court affirmed the trial court and found, among other things, that Son agreed to pay $2.1 million for the bar and that the transaction was bona fide. *Ind. Alcohol & Tobacco Comm'n v. Ultimate Place, LLC*, No. 34A05-0804-CV-209, at \*6 (Ind. Ct. App. Sept. 30, 2008) ("*Dumoulin I*").

[5] On January 30, 2009, Husband filed a petition to dissolve the marriage. In April 2012, Wife filed a motion to add Son as an indispensable party to the dissolution proceedings and to bifurcate the final hearing, conducting a separate hearing solely to determine the marital estate. The trial court granted Wife's motion and Son intervened in the proceeding.

[6] In January 2013, all parties participated in mediation, but they were not successful in resolving issues surrounding the bar. On January 28, 2013, the trial court held a hearing regarding the remaining property disputes in the marital estate. It distilled the issues before it as follows: "the sole issue[s] in this hearing are four adjacent properties [unrelated to this appeal] and ownership of

the "Ultimate Place 2B["] which is presently owned by a Limited Liability Company, ["]Ultimate Place LLC.["] Appellant's App. p. 42. On April 9, 2013, the trial court issued an order (the April 2013 Order) regarding these property disputes. In relevant part, it held as follows:

3. The [bar] owned by Ultimate Place LLC is located at 5126 Clinton, Kokomo, IN. The sales member of the LLC is [Son], the intervener. The husband and wife disclaimed any interest in said business and property in numerous proceedings which eventually was decided in [the] 2008 unpublished decision cited as [*Dumoulin I*]. [Husband] admitted that the parties so testified, [h]owever, there was no writing setting forth the terms of an oral agreement.

4. There was an oral partially performed agreement for payment and ownership between the intervener and his parents. The husband disputes the price and the terms and conditions. However, the husband and wife each agree that many bills, mortgages and other indebtedness have been paid and that the intervener is not in default. The husband claims there was and is equity in the transaction[.] However, he presents no [credible] evidence of value and relies solely upon his understanding of price which was disputed by the wife and intervener. Evidence was presented that the building and business were worth less than the parties['] indebtedness pledged or mortgaged to the payment of debt at the time of the transfer to intervener.

5. The [bar] property is presently titled to another LLC named Hoosier LLC which has been administratively dissolved by the Indiana Secretary of State. Once the administrative dissolution takes place the LLC members are required to wind up the business, which they

accomplished when the sports bar business was transferred to the Gentlemen's Club. However, the deeds and other[] transfer documents will need to be executed at the completion of the oral and partially performed contract stated above.

\*\*\*

10. The court declares that there is no equity . . . in [the bar] and [it] is not a marital asset. In this connection the title to real estate is vested in Hoosier LLC which is a dissolved entity. Therefore the remaining act of winding up business is the transfer of real estate at the time when all payments pursuant to the oral contract are completed. . . . The court finds the parties have no interest in the real estate except the intervener['s] promise to pay and their conveyance.

*Id.* at 43-45. The trial judge recused himself on May 8, 2013; a special judge was later appointed to oversee the proceedings.

[7] On May 8, 2013, Husband filed a motion to correct error regarding the April 2013 Order. In relevant part, he argued that the Statute of Frauds prevented Son from enforcing the oral contract regarding the bar, that he had not disclaimed his interest in the bar during the *Dumoulin I* proceedings, and that the value of the oral contract should not be excluded from the marital estate. On October 22, 2013, the trial court denied Husband's motion as it related to the bar.

[8] On December 10, 2014, the trial court held the second of the bifurcated final hearings. At the conclusion of the hearing, the trial court granted the

dissolution of marriage, entered the dissolution decree, and took all pending issues under advisement. *Dumoulin III*, at *3. On April 30, 2015, the trial court issued an order (the Money Judgment Order) requiring Son to make payments of approximately $581,000 to each parent. In relevant part, the trial court found as follows:

> It is undisputed that [Son] agreed to purchase the [bar] from his parents. [Wife and Son] argue that the agreement was for [Son] to assume certain debts and it is clear that [Son] has paid on those debts. [Father] . . . concedes that part of that purchase price included the debts that [Son] has paid thus far, leaving a balance of $1,162,009.08. This Court cannot ignore the prior sworn testimony of [Father] and [Son] that the purchase price was 2.1 million dollars. . . .

*Id.* at 90.

[9] Two appeals ensued. First, Wife appealed the division of the marital estate, raising arguments unrelated to this appeal. *Dumoulin v. Dumoulin*, No. 52A05-1507-DR-823 (Ind. Ct. App. May 13, 2016) ("*Dumoulin II*"). We affirmed. *Id.* at *7.

[10] In *Dumoulin III*, Son appealed the Money Judgment Order and Husband cross-appealed the denial of his motion to correct error regarding the April 2013 Order. This Court summarized Son's arguments in that case as follows:

> (1) he argues that the trial court lacked the authority to determine whether he owed monies to Husband and Wife because Son was never put on notice that either Husband or Wife was seeking a monetary judgment against him; (2) the trial court lacked subject

matter jurisdiction because the issue was not ripe for review; (3) the Statute of Frauds bars Husband and Wife's recovery on the agreement to purchase the Ultimate; and (4) the trial court abused its discretion by refusing to admit Exhibit J.

*Dumoulin III*, at *1. Son did not argue that the Money Judgment Order was erroneous based on the alleged fact that an LLC, rather than Son as an individual, was the purchaser/owner of the bar, nor did he argue that the judgment should have been fashioned as an in rem, rather than an in personam, judgment. Father did not argue that the April 2013 Order was erroneous based on the trial court's conclusion in that order that Ultimate Place LLC, rather than Son as an individual, was the purchaser of the bar. Son argued that the doctrine of res judicata applied to the April 2013 Order but this Court disagreed, noting that "the April 2013 Order was not a final appealable order." *Id.* at *4 n.3. This Court affirmed in all respects. *Id.* at *7.

[11] After *Dumoulin III* was decided, Father filed a motion to enforce the judgment by proceedings supplemental[1] on October 12, 2016. Son moved to dismiss that motion, arguing that mortgage foreclosure, rather than proceedings supplemental, was the appropriate remedy for default on a land contract and that collection should be made against the Ultimate Place LLC rather than Son as an individual. Following a hearing, the trial court denied Son's motion on

---

[1] Proceedings supplemental "are designed as a remedy where a party fails to pay a money judgment. The proceedings are merely a continuation of the underlying claim, initiated under the same cause number for the sole purpose of enforcing a judgment." *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 668-69 (Ind. Ct. App. 2008) (internal citation omitted).

March 3, 2017, finding that (1) the Money Judgment Order was appealed and affirmed; and (2) the Money Judgment Order is not an in rem judgment and is instead a "general judgment" in favor of Husband and against Son. Appellant's App. p. 36. Son now appeals.

## Discussion and Decision

[12] Son raises the following arguments on appeal: (1) Husband is bound by the trial court's finding in the April 2013 Order that Ultimate Place LLC, rather than Son individually, was the purchaser of the bar; (2) Husband may not proceed individually against Son without piercing the corporate veil, and there has been no request to do so; and (3) even if it was proper to proceed against Son as an individual, proceedings supplemental was not the correct method to do so—instead, it should have been filed as a mortgage foreclosure action.

[13] With respect to Son's argument that the Money Judgment Order should have been entered against Ultimate Place LLC, rather than Son as an individual, the proper time in which to make this argument would have been the *Dumoulin III* appeal, which was a direct appeal of that order. But of all the arguments he raised in that appeal with respect to the Money Judgment Order, he did not raise the one he argues now. And unfortunately for Son, he may not take an untimely second bite at the apple. We can only conclude that he is barred from

making this argument at this point in the litigation.[2] Consequently, we decline to reverse based on the fact that the Proceedings Supplemental Order was entered against Son individually rather than against Ultimate Place LLC.

[14] Now, we must consider Son's final argument—that the proper way in which to enforce the Money Judgment is via a mortgage foreclosure rather than proceedings supplemental. Here, yet again, we are compelled to find that he is not entitled to raise this issue. The Money Judgment Order clearly and plainly enters a money judgment "in favor of [Father] and against [Son] in the amount of $581,004.54. The judgment will not accrue interest from the date of this order through 2017. Commencing on January 1, 2018, any unpaid balance on the judgment shall accrue interest at the legal rate." Appellant's App. p. 90.

[15] An "in personam" debt means that the creditors may "seek to collect against the debtor individually[.]" *McCullough v. CitiMortgage, Inc.*, 70 N.E.3d 820, 827 (Ind. 2017). An "in rem" debt, on the other hand, is merely a "right[] against the property" at issue. *Id.* at 828. In this case, the Money Judgment Order clearly finds an in personam debt (which may be collected upon via proceedings supplemental) rather than an in rem debt (which, perhaps, should be collected upon via a mortgage foreclosure action). If Son wanted to appeal the way in which the trial court imposed and fashioned this debt, the proper time to do so

---

[2] Son argues that Husband is barred by the doctrine of res judicata from arguing that the April 2013 Order, which found that Ultimate Place LLC purchased the bar, was erroneous. We cannot reach the merits of this argument, however, as it should have been raised in *Dumoulin III*, and may not be raised at this time.

would have been in *Dumoulin III*, when he appealed from the Money Judgment Order. Yet again, he must be denied an untimely second bite of this apple. As such, we decline to reverse.

[16] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.